IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| JESSICA POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| MODINE MANUFACTURING COMPANY, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Jessica Powell ("Plaintiff" or "Ms. Powell") asserts for her Complaint against Defendant Modine Manufacturing Company ("Defendant" or "Modine") as follows:

### I. INTRODUCTION

1. This is an action for sex and pregnancy discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"), and Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.* ("THRA"), as well as for discrimination, retaliation, failure to accommodate, and failure to engage in the interactive process under the Americans with Disabilities Act, as amended, 42 U.S.C. § 1201 *et seq.* ("ADA"), and Tennessee Pregnant Workers Fairness Act, Tenn. Code Ann. § 50-10-101 *et seq.* ("TPWFA").

2. Title VII, as amended by the PDA, and the THRA prohibit pregnancy discrimination and mandate that pregnant women be treated the same for all employment-related purposes as other nonpregnant employees who are similar in their ability or inability to work.

1

3. The TPWFA and ADA further promote these goals by ensuring that employees are given the opportunity to continue working despite their medical needs, including pregnancy and pregnancy-related medical conditions.

4. As detailed below, Ms. Powell requested medical leave due to her pregnancy, childbirth, and pregnancy-related medical conditions.

5. Defendant told Ms. Powell that medical leave was not an accommodation, "you don't qualify for any medical leave," and "you don't have any protections to protect your job."

6. When Ms. Powell asked if it was legal for her to be fired because she needed accommodations, she was told, "Yes," and, "We'll see you in court."

7. Defendant failed to accommodate and ultimately terminated Ms. Powell because of her pregnancy. Therefore, Ms. Powell brings this action for violations of Title VII, the THRA, the ADA, and the TPWFA.

## II. JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction over Plaintiff's Title VII and ADA claims pursuant to 28 U.S.C. § 1331 because these claims arise under the laws of the United States.

9. Further, this Court has supplemental jurisdiction over Plaintiff's THRA and TPWFA claims pursuant to 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

10. This Court has personal jurisdiction over Defendant because, at all relevant times, it conducted business in this District, including operating a manufacturing plant and employing Plaintiff within this District.

11. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Lawrence County, Tennessee, within this District. Therefore, venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b).

### III.   ADMINISTRATIVE PREREQUISITES

12. Ms. Powell has exhausted administrative remedies and complied with all statutory prerequisites to her Title VII and ADA claims.

13. Ms. Powell timely filed a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") on March 20, 2023, alleging class-based violations of Title VII, the PDA, and the ADA.

14. The EEOC issued a Notice of Right to Sue on September 20, 2023, a copy of which was served on Plaintiff and Defendant by the EEOC.

### IV.   PARTIES

15. Plaintiff Jessica Powell is an adult female individual and citizen of the United States who resides in Lawrenceburg, Lawrence County, Tennessee.

16. Defendant Modine Manufacturing Company is a Wisconsin for-profit corporation with its principal place of business located at 1500 D.E. Koven Avenue, Racine, Wisconsin 53403-2540. It may be served with process through its Tennessee registered agent: Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

17. Defendant is a multinational manufacturer of heating and cooling and thermal management systems used in buildings, industry, and vehicles.

18. Defendant employs thousands of workers on four continents, including more than five hundred employees in Tennessee, and reports revenues exceeding one billion dollars per year.

19. At all relevant times, Defendant has continuously conducted business in Tennessee. It operates a manufacturing facility located at 2009 Remke Avenue, Lawrenceburg, Tennessee 38464.

20. At all relevant times, Defendant was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b); the ADA, 42 U.S.C. § 12111(5); the THRA, Tenn. Code Ann. § 4-21-102(5); and the TPWFA, Tenn. Code Ann. § 50-10-102(2).

## V. FACTS

21. Defendant hired Ms. Powell for an Assembly Worker position on or about August 8, 2022.

22. Ms. Powell was proud to work at Modine, which she considered to be one of the best and highest-paying jobs in her rural community, and grateful for the opportunities that provided for her growing family.

23. At the time of her hire, Ms. Powell was pregnant with her second child, with an expected due date of January 7, 2023. Given her need to provide for her family, she planned to take a short maternity leave, approximately four weeks, after her child's birth.

24. In mid-September 2022, Ms. Powell began experiencing complications from her pregnancy. Her medical provider gave her work restrictions, including working no more than eight hours per shift, working no more than forty hours per week, and taking breaks every two hours to hydrate and use the restroom.

25. Ms. Powell promptly presented these medical restrictions to Defendant's Human Resources Manager, Patrick Holland.

26. Ms. Powell believed Mr. Holland was annoyed by her request for accommodation, but her restrictions were followed.

27. In approximately October 2022, Ms. Powell began experiencing more severe

complications from her pregnancy. One day, as she arrived at work, Ms. Powell got a call from her medical provider, indicating that she needed to come in right away for emergency blood work.

28. Ms. Powell went inside the plant and informed Mr. Holland that she needed to leave work to go to her doctor's office for an emergency, but that she would be back at work after her appointment.

29. Mr. Holland told Ms. Powell that it would be best if she pushed her doctor to be put on medical leave so she could apply for short-term disability benefits rather than bringing in more work restrictions.

30. Mr. Holland warned Ms. Powell that, if she did not apply for short-term disability, she might lose her job.

31. Ms. Powell was eventually diagnosed with a serious condition that caused low blood iron and anemia, affected her ability to stand, could potentially result in early delivery and birth defects, and required potential treatment with blood transfusions. Ms. Powell's medical condition limited her ability to perform major life activities, including standing, and limited her major bodily functions.

32. At her doctor's instruction and in compliance with Mr. Holland's wishes, Ms. Powell requested medical leave and applied for short-term disability benefits in October 2022.

33. Defendant initially granted Ms. Powell's request for medical leave. However, it incorrectly conditioned her medical leave on the outcome of her short-term disability application, which was ultimately denied because she had not worked for Modine for the time required by the plan.

34. In December 2022, Mr. Holland informed Ms. Powell that, if her short-term disability application was denied, Modine would no longer offer her medical leave.

5

35. Mr. Holland told Ms. Powell he was working with Modine's corporate HR team to determine if Ms. Powell qualified for accommodations under the ADA, but told her that, if she did not, "there's absolutely nothing left that protects your position." He said he had to "abide by what the company policies are."

36. When Ms. Powell asked Mr. Holland if it was legal to fire someone because they needed medical leave, he responded, "Yes."

37. A few days later, on December 7, 2022, Mr. Holland met with Ms. Powell again. He told her that her short-term disability application had been denied and that Defendant would no longer offer her medical leave, so her employment was being terminated.

38. When Ms. Powell insisted that she had a right to the medical leave, Mr. Holland stated that he and Defendant's corporate HR team had determined that the ADA did not apply to her and that she did not qualify for any sort of accommodation because she needed medical leave, which he claimed was not an accommodation.

39. Mr. Holland repeatedly insisted "you don't qualify for any medical leave" and "you don't have any protections to protect your job."

40. When Ms. Powell again protested that she was entitled to medical leave and that it was illegal to fire her for requesting it, Mr. Holland became frustrated, eventually cutting off the conversation by saying, "OK, then we'll see you in court."

41. At no time did Mr. Holland discuss or refer to the Tennessee Pregnant Workers' Fairness Act. Instead, he explicitly told Ms. Powell that there were no laws that protected her.

42. Likewise, Mr. Holland never said that Ms. Powell's need for accommodation and medical leave was an undue hardship for Defendant or gave any reason at all why medical leave was not reasonable. Instead, he erroneously stated that medical leave was not available as a

reasonable accommodation under the ADA.

43. Upon information and belief, at the time of Ms. Powell's termination, Modine was short-staffed and had a number of open positions.

44. In fact, Mr. Holland assured Ms. Powell that, once her baby was born, Modine would "have a position open for you that we can hire you back."

45. Thus, it was clear that Ms. Powell's pregnancy and request for accommodation were the only reasons for her termination.

46. As a direct result of Defendant's discriminatory and retaliatory conduct, Ms. Powell has suffered economic hardship and severe effects on her physical, mental, and emotional well-being.

47. Defendant terminated Ms. Powell's employment on December 7, 2022.

48. Her health insurance was terminated the following day, December 8, 2022, without her knowledge.

49. Ms. Powell underwent an emergency C-section one week later, on December 15, 2022. Both she and her son required long hospital stays after the birth, which were not covered by insurance after Ms. Powell's insurance was abruptly canceled.

50. While Ms. Powell was in good health prior to her pregnancy and planned to return to work at Modine soon after the birth of her son, the emotional, mental, and physical complications caused by the stress of her termination have meant she has been unable to work since that time.

51. By failing to engage in the interactive process, failing to accommodate, and terminating Ms. Powell due to her pregnancy and disability and in retaliation for her requests for accommodation and for opposing such discrimination, Defendant violated the TPWFA and the

ADA.

52. By discriminating against Ms. Powell based on her pregnancy and retaliating against her for opposing such discrimination, Defendant violated Title VII and the THRA.

## VI. CAUSES OF ACTION

### A. <u>Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.*</u>

53. Ms. Powell incorporates herein the facts set out in the foregoing paragraphs.

54. Title VII and the THRA prohibit an employer from failing or refusing to hire, discharging, limiting, segregating, classifying, depriving an individual of employment opportunities, adversely affecting the status of an employee, or otherwise discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment based on her sex, including sex-related factors such as pregnancy. 42 U.S.C. §§ 2000e-2(a), 2000e(k); Tenn. Code Ann. § 4-21-401(a).

55. Title VII and the THRA further prohibit an employer from taking adverse employment actions against or discriminating against an employee because she opposes unlawful sex discrimination and/or because she participates in activity opposing sex discrimination. 42 U.S.C. § 2000e-3(a); Tenn. Code Ann. § 4-21-301(a).

56. Under Title VII and the THRA, pregnant women must be permitted to work on the same conditions as other individuals.

57. By terminating Ms. Powell due to her pregnancy, Defendant violated Title VII and the THRA.

58. By failing to treat Ms. Powell the same as other, nonpregnant employees who were similar in their ability or inability to work, Defendant violated Title VII and the THRA.

59. By retaliating against Ms. Powell when she opposed discrimination based on her pregnancy, Defendant violated Title VII and the THRA.

60. Defendant is liable for the actions of its managerial employees.

61. At all relevant times, Mr. Holland was acting in the scope of his employment with Defendant.

62. At all relevant times, Defendant's corporate HR department had actual or constructive knowledge Mr. Holland's actions.

63. Defendant failed to investigate its legal obligations under federal or Tennessee law prior to terminating Ms. Powell's employment.

64. Defendant failed to have or implement effective policies and procedures to prevent violation of Ms. Powell's legal rights.

65. As a direct result of Defendant's intentional, willful, and/or reckless discriminatory and retaliatory conduct, Ms. Powell has lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, reputational harm, emotional distress and anxiety, inconvenience, and loss of enjoyment of life; suffered impacts to her physical, mental, and emotional well-being, including incurring significant medical expenses; and incurred attorneys' fees, costs, and litigation expenses.

### B. Violations of the Tennessee Pregnant Workers' Fairness Act, Tenn. Code Ann. § 50-10-101 *et seq.*

66. Ms. Powell incorporates herein the facts set out in the foregoing paragraphs.

67. The Tennessee Pregnant Workers Fairness Act (TPWFA) requires employers with 15 or more employees to make reasonable accommodations for medical needs arising from pregnancy, childbirth, or related medical conditions, absent the employer proving an undue

hardship, meaning "an action requiring significant difficulty or expense." Tenn. Code Ann. §§ 50-10-102, 103.

68. The TPWFA requires employers to engage in an interactive process with an employee regarding her need for reasonable accommodations. Tenn. Code Ann. § 50-10-103(b)(1), (c).

69. The TPWFA prohibits requiring an employee to take medical leave when another reasonable accommodation is available for her pregnancy, childbirth, or related medical conditions. Tenn. Code Ann. § 50-10-103(b)(2).

70. The TPWFA prohibits taking any adverse action against an employee in the terms, conditions, or privileges of employment for requesting or using a reasonable accommodation due to limitations arising from pregnancy, childbirth, or related medical conditions. Tenn. Code Ann. § 50-10-103(b)(3).

71. Employees adversely affected by an act or omission in violation of the TPWFA are entitled to bring a civil action within one year of the date of termination of employment or other adverse employment action. Tenn. Code Ann. § 50-10-104.

72. By failing to accommodate and to engage in the interactive process with Ms. Powell, Defendant violated the TPWFA.

73. By attempting to force Ms. Powell to apply for short-term disability and medical leave before any doctor's orders rather than making other available reasonable accommodations, Defendant violated the TPWFA.

74. By terminating Ms. Powell and denying her the terms, conditions, and privileges of employment due to her requesting and/or using a reasonable accommodation, Defendant violated the TPWFA.

75. At the time of Ms. Powell's termination, Defendant did not articulate—or even attempt to articulate—any reasons that providing medical leave to Ms. Powell was an undue hardship.

76. Instead, Defendant simply claimed that Ms. Powell was not entitled to medical leave under the law, intentionally misstating and violating the requirements of the TPWFA.

77. Defendant's stated reason for Ms. Powell's termination—its unwillingness to accommodate her pregnancy and pregnancy-related medical condition—is direct evidence of its violation of the TPWFA.

78. Defendant is liable for the actions of its managerial employees.

79. At all relevant times, Mr. Holland was acting in the scope of his employment with Defendant.

80. At all relevant times, Defendant's corporate HR department had actual or constructive knowledge Mr. Holland's actions.

81. Defendant failed to investigate its legal obligations under Tennessee law prior to terminating Ms. Powell's employment.

82. Defendant failed to have or implement effective policies and procedures to prevent violation of Ms. Powell's legal rights.

83. As a direct result of Defendant's intentional, willful, and/or reckless discriminatory and retaliatory conduct, Ms. Powell has lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, reputational harm, emotional distress and anxiety, inconvenience, and loss of enjoyment of life; suffered impacts to her physical, mental, and emotional well-being, including incurring significant medical expenses; and incurred attorneys' fees, costs, and litigation expenses.

11

Case 1:23-cv-00064   Document 1   Filed 09/26/23   Page 11 of 15 PageID #: 11

### C. Violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

84. Ms. Powell incorporates herein the facts set out in the foregoing paragraphs.

85. The ADA prohibits an employer from discrimination against a qualified individual on the basis of disability in regard to the hiring, advancement, or discharge of employees, employee compensation, job training, or other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a).

86. The ADA further prohibits not making reasonable accommodations to the known limitations of an otherwise qualified individual with a disability, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer, and denying employment opportunities to an employee based on the employee's need for reasonable accommodation. 42 U.S.C. § 12112(b)(5).

87. In order to determine an appropriate reasonable accommodation, an employer must initiate an informal, interactive process with the individual in need of accommodation. 29 C.F.R. § 1630.2(o)(3).

88. At all relevant times, Ms. Powell was a qualified individual with a disability. Her pregnancy-related medical conditions were a physical impairment that substantially limited one or more of her major life activities and/or major bodily functions. She possessed the requisite skill, experience, education, and other job-related requirements of her position and was capable of performing the essential functions of her position, with or without reasonable accommodations. 42 U.S.C. §§ 12102(1), 12111(8).

89. By failing to accommodate and to engage in the interactive process with Ms. Powell, Defendant violated the ADA.

90. By terminating Ms. Powell and denying her the terms, conditions, and privileges of employment due to her disability, her request for, and/or her need for reasonable accommodation, Defendant violated the ADA.

91. At the time of Ms. Powell's termination, Defendant did not articulate—or even attempt to articulate—any reasons that providing medical leave to Ms. Powell was an undue hardship.

92. Instead, Defendant simply claimed that Ms. Powell was not entitled to medical leave under the law, misstating and violating the requirements of the ADA.

93. Defendant's stated reason for Ms. Powell's termination—its unwillingness to accommodate her pregnancy and pregnancy-related medical condition—is direct evidence of its violation of the ADA.

94. Defendant is liable for the actions of its managerial employees.

95. At all relevant times, Mr. Holland was acting in the scope of his employment with Defendant.

96. At all relevant times, Defendant's corporate HR department had actual or constructive knowledge Mr. Holland's actions.

97. Defendant failed to investigate its legal obligations under federal law prior to terminating Ms. Powell's employment.

98. Defendant failed to have or implement effective policies and procedures to prevent violation of Ms. Powell's legal rights.

99. As a direct result of Defendant's intentional, willful, and/or reckless discriminatory and retaliatory conduct, Ms. Powell has lost income and other privileges and benefits of employment; suffered embarrassment, humiliation, reputational harm, emotional distress and

anxiety, inconvenience, and loss of enjoyment of life; suffered impacts to her physical, mental, and emotional well-being, including incurring significant medical expenses; and incurred attorneys' fees, costs, and litigation expenses.

## VII. PRAYER FOR RELIEF

100. Based on the foregoing, Ms. Powell prays for the following relief:

    A. That she be awarded damages in the amount of any wages, salary, employment benefits, or other compensation, including, but not limited to back pay and front pay, plus pre- and post-judgment interest;

    B. Compensatory damages, including medical expenses;

    C. Punitive damages;

    D. Reasonable attorneys' fees;

    E. The costs and expenses of this action;

    F. An offset to mitigate the tax burden of any lump sum award;

    G. Injunctive relief barring Defendant from undertaking such discriminatory practices against other prospective employees, mandating pregnancy discrimination prevention training, and taking other such injunctive action as the Court finds appropriate;

    H. Such other legal and equitable relief to which Ms. Powell may be entitled; and

    I. A jury to try this cause.

Respectfully submitted,

*s/ Caraline E Rickard*
Caraline E. Rickard, TN Bar No. 034414
Curt M. Masker, TN Bar No. 037594
RICKARD MASKER, PLC
810 Dominican Drive, Suite 314
Nashville, Tennessee 37228
Telephone: (615) 200-8389
Facsimile: (615) 821-0632
caraline@maskerfirm.com
curt@maskerfirm.com

*Counsel for Plaintiff Jessica Powell*